Mrs. Pola O'Fallon c/o Ken Ferguson, Director Department of Human Resources 200 East 8th Avenue, Suite 104 Pine Bluff, Arkansas 71601
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for an opinion on whether the custodian's decision to release certain personnel records relating to your employment with the City of Pine Bluff is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. § 25-19-101—109 (Repl. 2002). Specifically, correspondence attached with your request indicates that someone made a request to inspect and copy your "licenses, certificates, or certifications related to housing inspections. . . ." I assume that this request encompasses documents relating to your qualifications to hold or perform your public employment.
RESPONSE
My duty under A.C.A. § 25-19-105(c)(3)(B) is to determine whether the custodian's decision with regard to release of the records is consistent with the FOIA. In this instance, I am not entirely certain what the custodian has determined with regard to release of these records. The letter you received from the City's Department of Human Resources states merely that it "will release those records it has determined are open to public inspection within 24 hours from the date you receive this letter."
In my opinion, the records are properly classified as "personnel records" for purposes of the FOIA and are open to public inspection and copying except to the extent they contain any information that would create a clearly unwarranted invasion of personal privacy under A.C.A. §25-19-105(b)(12). This office has been consistent in opining that records relating to the qualifications of employees, including certificates earned, are open to public inspection. See e.g., Ops. Att'y. Gen.2002-252; 99-305; 97-034; 95-244; 95-113 and 93-076, fn.2. Not having reviewed the actual records, I am not in a position to determine whether any information contained therein should be redacted on that basis that its release would constitute a "clearly unwarranted invasion of personal privacy." This is a decision for the custodian to make, in light of all the attendant facts.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh